335 So.2d 116 (1976)
James JACKSON
v.
STATE of Mississippi.
No. 49022.
Supreme Court of Mississippi.
April 27, 1976.
Rehearing Denied May 18, 1976.
*117 Cleve McDowell, Clarksdale, for appellant.
A.F. Summer, Atty. Gen. by Ben H. Walley, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, ROBERTSON and LEE, JJ.
LEE, Justice:
Appellant, James Denton Jackson, was convicted in the Circuit Court of Sunflower County, Mississippi, for the possession of lysergic acid diethylamide (LSD), and was sentenced to serve a term of seven (7) years in the Mississippi State Penitentiary. From that conviction and judgment he appeals here.
It is first contended that the trial court erred in overruling appellant's objection to introduction of the evidence (LSD) and in denying the motion to suppress same on the ground that it was obtained as a result of an illegal arrest and an illegal search of the appellant's person.
This assignment presents the question of whether or not the arresting officers had probable cause to arrest the appellant and to search him incidental thereto.
About 10:00 P.M. on April 2, 1975, police officer Ted Mabry was on patrol duty in the City of Indianola when he saw two white men and two black men standing on the sidewalk of Church Street. He knew one of the black men to be James Jackson, and Officer Mabry saw him pass a small brown package to one of the white men, who made a hasty departure.
Mabry radioed Officers Card and Cobb, who were in separate cars, that the two white men were going down Second Street and that he suspected them of being involved with marijuana. Officer Card contacted the subjects and asked them for identification. One of them dropped a small brown envelope which contained a green leafy substance. Officers Cobb and Mabry arrived in a short while. Approximately ten minutes had elapsed since Mabry saw appellant pass the brown package to the men.
The subjects were arrested for the possession of a controlled substance and were taken to the police station where they made written statements. After obtaining the statements, Officers Mabry, Cobb and *118 Card went to Eddie's Pool Hall for the purpose of arresting appellant on the charge of sale and distribution of a controlled substance.
Mabry pointed out appellant to the other officers, and Cobb asked appellant to step outside for questioning. Appellant complied with the request, but as soon as he got outside, he fled. The officers chased and overtook him, handcuffed and searched him. They found thirteen (13) small brown packages in his coat pocket similar to that retrieved from the white men, together with a small bottle with two green tablets in it. They field tested the material and placed the appellant under arrest for possession of marijuana and possession of LSD.
Approximately forty-five minutes elapsed from the time mabry saw appellant pass the brown package until his arrest. Mabry participated in the investigation which involved an unbroken chain from the time he first saw appellant until appellant's arrest. We are of the opinion that under these facts and circumstances, the officers had reasonable grounds to believe appellant had sold a controlled substance and that probable cause existed for the arrest of appellant without a warrant.
Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959), involved the conviction of Draper on charges of knowingly concealing and transporting narcotic drugs. Draper moved to suppress the evidence. In affirming the conviction of Draper, the Court said:
"`In dealing with probable cause, ... as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' Brinegar v. United States, supra, 338 U.S. at page 175, 69 S.Ct. at page [1302] 1310. Probable cause exists where `the facts and circumstances within their [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed. Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 288 [69 L.Ed. 543, 555, 39 ALR 790]." 358 U.S. at 313, 79 S.Ct. at 333, 3 L.Ed.2d at 332.
In Canning v. State, 226 So.2d 747 (Miss. 1969), this Court said:
"It has been said that: `Where an officer, in good faith, believes that a person is guilty of a felony, and his belief rests on such grounds as would induce an ordinarily prudent and cautious man, under the circumstances, to believe likewise, he has such probable cause for his belief as will justify him in arresting without a warrant.' 6 C.J.S. Arrest § 6, p. 596 (1937)." 226 So.2d at 753.
We held in Joyce v. State, 327 So.2d 255 (Miss. 1976) that where police officers received a tip from a reliable informant that the suspect would arrive at the airport with sixty pounds of marijuana in his luggage, and the police officers observed the suspect's arrival, transfer of luggage to his automobile, and nervous manner, all this constituted probable cause to stop and search the vehicle trunk and luggage for contraband.
The officers here went to Eddie's Pool Hall for the purpose of arresting appellant, reasonably believing that he had sold and dispensed a controlled substance to the white men. When appellant accompanied them outside the pool hall, he fled. Officer Card testified they did not have time to advise him that he was under arrest. When the officers chased, caught and handcuffed appellant, they were placing him under arrest, even though they had not told him so at that time.
"An arrest is not consummated until there has been a taking of possession of a person by manual caption, or submission *119 on demand; and although a manual touching is unnecessary unless there is resistance to an arrest, there must be restraint of a person to establish an arrest." Fondren, Alias Tommy Taylor v. State, 253 Miss. 241, 259, 175 So.2d 628, 636 (1965).
Therefore, we are of the opinion that this assignment is not well taken.
The appellant urges (2) that the court erred in overruling defendant's objection to testimony of the state chemist that the pill produced at the trial was LSD, and (3) that the verdict is contrary to the weight of the evidence.
The State's toxicologist testified that she examined the two green tablets taken from appellant, that one of them was consumed in the examination, and that it contained lysergic acid diethylamide. The second tablet was similar to the first and was not tested in order that it might be available to appellant. The proof is undisputed that both tablets were from the same bottle, and they were similar in physical appearance. Also, it is undisputed that the tablet tested contained LSD. There was no error in permitting the tablet to be introduced in evidence.
Appellant testified that the coat containing the thirteen (13) brown packages and the two (2) green tablets (LSD) was not his coat, that he borrowed it from some "dude" in the pool hall, whom he did not know. However, after objecting to the introduction of the evidence and moving to suppress same, he further testified on the merits of the case that the bottle and the two green tablets were his, that he had taken them out of his pants pocket and placed them in the coat. He and two members of his family also testified that they used these green tablets for their sinus ailments.
The verdict of the jury and judgment entered by the court are supported by the evidence, and there is no merit in assigned Errors 2 and 3. We are of the opinion that the case should be, and the same is affirmed.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, WALKER, SUGG, and BROOM, JJ., concur.