944 So.2d 115 (2006)
Thaddous RAINER a/k/a Bennie Thompson a/k/a Thaddous Erantag Rainer, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-KA-01868-COA.
Court of Appeals of Mississippi.
November 28, 2006.
*116 Julie Ann Epps, Samuel H. Wilkins, Canton, attorneys for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
EN BANC.

OPINION ON MOTION FOR REHEARING
KING, C.J., for the Court.
¶ 1. The motion for rehearing is denied. The original opinion is withdrawn, and this opinion is substituted in lieu thereof. After a bench trial, Thaddous Rainer was convicted of possession of more than thirty grams of cocaine and was sentenced to fifteen years in the custody of the Mississippi Department of Corrections, with eight years suspended, seven years to serve and three years of post-release supervision. On appeal, he challenges the trial court's denial of his motion to suppress *117 evidence taken as the result of an unconstitutional search and seizure. Finding that the trial court abused its discretion in denying Rainer's motion to suppress, we reverse and remand Rainer's conviction.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. During the early part of September 2002, the narcotics division of the Hinds County Sheriff's Department received several complaints about illegal narcotics activities taking place around the Capitol Street area in the City of Jackson, Mississippi. On September 9, 2002, Investigator R.W. Spooner was patrolling the area of Capitol Street when he observed several individuals standing in the parking lot of a gas station located at 612 Capitol Street. In an effort to investigate the situation, Spooner entered the parking lot and pulled up next to a vehicle that was parked at a gas pump. Thaddous Rainer was at the wheel of the vehicle parked at the pump. Spooner then exited his car and identified himself as a police officer. According to Investigator Spooner, Rainer then "began to back out of the parking lot in an effort to flee." Rainer's progress was stymied when Captain Frank Bell maneuvered his car to block Rainer from exiting the parking lot. Upon blocking Rainer's exit, Bell ordered Rainer to step out of the car. Rainer then exited the car and threw several bags under his vehicle. The officers secured Rainer, retrieved the bagswhich were later found to contain cocaine and marijuanaand placed Rainer under arrest for possession of cocaine and possession of marijuana less than one ounce.
¶ 3. At trial on the cocaine charge, Rainer moved to suppress the cocaine on the ground that it was seized as the result of an unreasonable search and seizure of his person under both the Fourth Amendment of the United States Constitution and under Article 3, Section 23 of the Mississippi Constitution of 1890. Rainer claimed that the officers had neither probable cause nor reasonable suspicion for the stop. Citing the United States Supreme Court case of Illinois v. Wardlow, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000) the trial court denied Rainer's motion, ruling that Rainer's attempt to leave the scene in a high crime area gave the police reasonable suspicion to detain him temporarily. Upon receiving this ruling, Rainer waived his right to a jury trial, and a bench trial proceeded. No testimony was adduced at trial, and the only evidence before the court was Investigator Spooner's typewritten report setting forth the details of the stop, and a report from the Mississippi Crime Laboratory identifying the seized substances. The trial judge convicted Rainer of possession of cocaine greater than thirty grams, and sentenced him to a term of fifteen years in the custody of the Mississippi Department of Corrections, with eight years suspended, seven years to serve and three years of supervised probation.
¶ 4. Aggrieved, Rainer filed a timely appeal to this Court, asserting that the trial court erred in denying his motion to suppress. Finding that the trial court erred in its determination that the officers had reasonable suspicion meriting an investigatory stop, we reverse and remand.

STANDARD OF REVIEW
¶ 5. Our well-settled standard of review for the admission or suppression of evidence is abuse of discretion. Mississippi Transp. Comm'n v. McLemore, 863 So.2d 31, 34(¶ 4) (Miss.2003). "Under this standard, this Court will affirm unless there is a definite and firm conviction that the court below committed a clear error of *118 judgment in the conclusion it reached upon weighing of relevant factors." Caracci v. Int'l Paper Co., 699 So.2d 546, 556(¶ 16) (Miss.1997).

ISSUE AND ANALYSIS
WHETHER THE TRIAL COURT ERRED IN DENYING RAINER'S MOTION TO SUPPRESS
¶ 6. The Fourth Amendment to the United States Constitution and Article 3, Section 23 of the Mississippi Constitution of 1890 prohibit unreasonable searches and seizures made without probable cause, except under certain limited exceptions. See United States v. Ross, 456 U.S. 798, 825, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); Walker v. State, 881 So.2d 820, 827(¶ 14) (Miss.2004). In Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the United States Supreme Court held that an officer may, consistent with the Fourth Amendment, make a brief, investigatory detention without a warrant when the officer has a reasonable suspicion that criminal activity is afoot. Id. at 30-31, 88 S.Ct. 1868. While the "reasonable suspicion" standard is less demanding than probable cause, the Fourth Amendment still requires a minimal level of justification for making the stop. Illinois v. Wardlow, 528 U.S. 119, 123, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000) (citing United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989)). Still, an officer who makes such a stop "must be able to point to specific and articulable facts" that justify the intrusion. Terry, 392 U.S. at 21, 88 S.Ct. 1868. In fact, "The officer must be able to articulate more than an `inchoate and unparticularized suspicion or "hunch"' of criminal activity" in order to justify a Terry stop. Wardlow, 528 U.S. at 123-24, 120 S.Ct. 673 (quoting Terry, 392 U.S. at 27, 88 S.Ct. 1868). Furthermore, the reasonableness of official suspicion must be measured by what the officers knew before they initiated the search. Florida v. J.L., 529 U.S. 266, 271, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000). Absent reasonable suspicion warranting such a stop, the individual approached by authorities has the right "to ignore the police and go about his business." Wardlow, 528 U.S. at 125, 120 S.Ct. 673. Furthermore, any "refusal to cooperate, without more, does not furnish the minimal level of objective justification needed for a detention or seizure." Id. (quoting Florida v. Bostick, 501 U.S. 429, 437, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991)).
¶ 7. In the case at bar, the State contends that the officers in this case had reasonable suspicion to detain Rainer temporarily because he purportedly attempted to flee the scene when approached by police operating in what they believed to be a "high crime area."[1] Had there been credible evidence before the trial judge that Rainer had in fact entered into unprovoked flight upon seeing the police, this Court would have upheld the stop under the United States Supreme Court case of Wardlow. In Wardlow, the United States Supreme Court held that it is permissible for courts and police to infer wrongdoing from the fact of unprovoked flight, thus justifying a Terry stop. Wardlow, 528 U.S. at 124, 120 S.Ct. 673 ("Headlong flight-wherever it occurs-is the consummate act of evasion: It is not necessarily *119 indicative of wrongdoing, but it is certainly suggestive of such").
¶ 8. In this case, however, there was no direct evidence that Rainer actually fled from the police. In his report, Spooner stated that when he exited his car and identified himself as an officer, Rainer "began to back out of the parking lot in an effort to flee." This bare, uncorroborated assertion is not supported by any facts submitted by the State. Spooner's report makes no mention of any facts that support the conclusion that Rainer entered into unprovoked flight at the sight of the police. For example, there is no evidence of the speed at which Rainer attempted to exit the parking lot, nor is there evidence that Rainer drove erratically upon trying to leave. Notably, the lack of evidence of flight compelled the trial court to mention that "[i]t may very well have been that [Rainer] was leaving the gas pump simply because he was through getting his gas and had paid for it." Accordingly, in the absence of more detail, we are not prepared to affirm a finding of flight.
¶ 9. We find that the trial court abused its discretion by applying Wardlow in an instance where there was no evidence of unprovoked flight. As the officers in this case did not have reasonable suspicion to detain Rainer, the evidence against him should have been suppressed as the fruit of an unconstitutional search and seizure. See Jackson v. State, 418 So.2d 827, 829 (Miss.1982); Bessent v. State, 808 So.2d 979, 983(¶ 12) (Miss.Ct.App.2001).
¶ 10. Finding that the trial court erred in failing to grant Rainer's motion to suppress, we reverse and remand this cause for further proceedings consistent with this opinion.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL. ARE ASSESSED TO HINDS COUNTY.
LEE, P.J., CHANDLER, BARNES AND ISHEE, JJ., CONCUR. GRIFFIS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MYERS, P.J. IRVING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. SOUTHWICK AND ROBERTS, JJ., NO, NOT PARTICIPATING.
GRIFFIS, J., DISSENTING:
¶ 12. The majority opinion relies on Wardlow to reverse Rainer's conviction and finds there was not enough evidence to determine that Rainer attempted to flee. However, even if Rainer merely attempted to leave the gas station, upon seeing the first officer, Rainer voluntarily discarded several bags of marijuana and cocaine away from his vehicle upon seeing the second officer. This case more closely follows California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), than Wardlow. By abandoning the bags, Rainer lost any privacy right to them. Thus, I am of the opinion that the trial court properly admitted the bags into evidence, since no search and seizure violation involving the abandoned property occurred.
¶ 13. The question presented is whether the trial court properly admitted the evidence and not whether the officers illegally detained Rainer. The bags, i.e., the evidence, cannot be fruit of the poisonous tree since Rainer abandoned the property. Had Rainer kept the bags on his person or inside his vehicle, the officers would have been required to articulate their reasonable suspicion that Rainer attempted to flee from them on site.
¶ 14. In Williams v. State, 892 So.2d 272, 278(¶ 15) (Miss.Ct.App.2004), this *120 Court ruled that Williams's search was not an unreasonable search, as contemplated by the Fourth Amendment, because the evidence was not found on Williams's person, and he could not claim to have had a reasonable expectation of privacy alongside a public road. While not a public road, as in Williams, a parking lot, equally open to the public, should receive the same treatment. This is derived from the premise that "one does not reasonably expect to keep private that which can be seen by the public." Shook v. State, 552 So.2d 841, 847 (Miss.1989) (citing Katz v. U.S., 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)). In Williams, we noted that the principle of abandonment was also pertinent:
[b]y discarding the aluminum foil package, before the police took him into custody, Williams abandoned [the property] and deprived himself of any right to privacy. See California v. Hodari D., 499 U.S. 621, 629, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991); Harper v. State, 635 So.2d 864, 867 (Miss.1994); Bessent v. State, 808 So.2d 979, 985-86(¶ 20) (Miss. Ct.App.2001). Indeed, the facts of Hodari, in which the defendant abandoned the cocaine he possessed while fleeing from the police, uniquely fit the facts of the case before us. Williams abandoned the crack cocaine before the police took him into custody; it was not the fruit of an illegal seizure.
Williams, 892 So.2d at 278(¶ 15).
¶ 15. In Bessent v. State, 808 So.2d 979, 985(¶ 19) (Miss.Ct.App.2001), we found that "[o]ur supreme court followed the ruling of the U.S. Supreme Court in California v. Hodari [D.], 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), when it held that evidence seized after being abandoned by a suspect is not the fruit of an illegal seizure." Instead, Bessent voluntarily abandoned the evidence. Id. at 985(¶ 20). This Court did not agree "with Bessent's assertion that he was entitled to the protection of the law against unreasonable searches simply because he may have quickly abandoned the evidence on the mistaken belief that he could be compelled to produce it on the officer's direction." Id. at 985-86(¶ 20).
¶ 16. In Harper v. State, 635 So.2d 864, 865 (Miss.1994), the suspect threw down a rock of cocaine as he ran away from the police. Harper had not been placed under arrest at the time when he ran. Id. An officer picked it up, and it was admitted as evidence. Id. The court noted that for Mississippi an arrest is consummated when, "there has been a taking of possession of a person by manual caption, or submission on demand; and although a manual touching is unnecessary unless there is resistance to an arrest, there must be restraint of a person to establish an arrest." Id. at 867 (quoting Jackson v. State, 335 So.2d 116, 118-19 (Miss.1976)). The court then held that "Harper was not seized or arrested when he discarded the drugs. Harper was not in any form or fashion restrained or stopped at the time he threw down the cocaine, and the cocaine, therefore, was abandoned and not the fruit of an unlawful seizure or arrest." Id.
¶ 17. This case only slightly differs from Harper since the police car pulled behind Rainer after it appeared he was going to flee according to the on scene officers. Before the police arrested him or he completely submitted to the demand of the officers, Rainer, upon getting out of his vehicle, threw the bags under the vehicle. Since the search did not occur on his person or in his vehicle but instead occurred of items he discarded in a public place, there was no violation of Rainer's Fourth Amendment rights.
¶ 18. I agree that the State did not present enough evidence to show that *121 Rainer began unprovoked flight akin to that found in Wardlow. From the evidence that the State put on, Rainer may have simply been leaving the gas pump after paying. However, Rainer discarded the items from his vehicle and thus gave away any privacy right in the property he abandoned. Rainer cannot claim that the officers searched or seized him by collecting the abandoned property and recognizing him as the source of that property.
¶ 19. For these reasons I respectfully dissent and would affirm the trial court.
MYERS, P.J., JOINS THIS OPINION.
NOTES
[1] While the fact that a temporary detention occurs in a high crime area is a relevant consideration in a Terry analysis, "[A]n individual's presence in the area of expected criminal activity, standing alone, is not enough to support a reasonable particularized suspicion that [a] person is committing a crime." Wardlow, 528 U.S. at 124, 120 S.Ct. 673.