¶ 12. The majority opinion relies on Wardlow to reverse Rainer's conviction and finds there was not enough evidence to determine that Rainer attempted to flee. However, even if Rainer merely attempted to leave the gas station, upon seeing the first officer, Rainer voluntarily discarded several bags of marijuana and cocaine away from his vehicle upon seeing the second officer. This case more closely followsCalifornia v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547,113 L.Ed.2d 690 (1991), than Wardlow. By abandoning the bags, Rainer lost any privacy right to them. Thus, I am of the opinion that the trial court properly admitted the bags into evidence, since no search and seizure violation involving the abandoned property occurred.
 ¶ 13. The question presented is whether the trial court properly admitted the evidence and not whether the officers illegally detained Rainer. The bags, i.e., the evidence, cannot be fruit of the poisonous tree since Rainer abandoned the property. Had Rainer kept the bags on his person or inside his vehicle, the officers would have been required to articulate their reasonable suspicion that Rainer attempted to flee from them on site.
 ¶ 14. In Williams v. State, 892 So.2d 272,278 (¶ 15) (Miss.Ct.App. 2004), this *Page 120 
Court ruled that Williams's search was not an unreasonable search, as contemplated by the Fourth Amendment, because the evidence was not found on Williams's person, and he could not claim to have had a reasonable expectation of privacy alongside a public road. While not a public road, as inWilliams, a parking lot, equally open to the public, should receive the same treatment. This is derived from the premise that "one does not reasonably expect to keep private that which can be seen by the public." Shook v. State,552 So.2d 841, 847 (Miss. 1989) (citing Katz v. U.S.,389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)). InWilliams, we noted that the principle of abandonment was also pertinent:
 [b]y discarding the aluminum foil package, before the police took him into custody, Williams abandoned [the property] and deprived himself of any right to privacy. See California v. Hodari D., 499 U.S. 621, 629, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991); Harper v. State, 635 So.2d 864, 867
(Miss. 1994); Bessent v. State, 808 So.2d 979, 985-86 (¶ 20) (Miss.Ct.App. 2001). Indeed, the facts of Hodari, in which the defendant abandoned the cocaine he possessed while fleeing from the police, uniquely fit the facts of the case before us. Williams abandoned the crack cocaine before the police took him into custody; it was not the fruit of an illegal seizure.
Williams, 892 So.2d at 278 (¶ 15).
 ¶ 15. In Bessent v. State, 808 So.2d 979,985 (¶ 19) (Miss.Ct.App. 2001), we found that "[o]ur supreme court followed the ruling of the U.S. Supreme Court inCalifornia v. Hodari [D.], 499 U.S. 621,111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), when it held that evidence seized after being abandoned by a suspect is not the fruit of an illegal seizure." Instead, Bessent voluntarily abandoned the evidence. I'd. at 985 (¶ 20). This Court did not agree "with Bessent's assertion that he was entitled to the protection of the law against unreasonable searches simply because he may have quickly abandoned the evidence on the mistaken belief that he could be compelled to produce it on the officer's direction." Id. at 985-56 (¶ 20).
 ¶ 16. In Harper v. State, 635 So.2d 864, 865
(Miss. 1994), the suspect threw down a rock of cocaine as he ran away from the police. Harper had not been placed under arrest at the time when he ran. Id. An officer picked it up, and it was admitted as evidence. Id. The court noted that for Mississippi an arrest is consummated when, "there has been a taking of possession of a person by manual caption, or submission on demand; and although a manual touching is unnecessary unless there is resistance to an arrest, there must be restraint of a person to establish an arrest." Id.
at 867 (quoting Jackson v. State, 335 So.2d 116,118-19 (Miss. 1976)). The court then held that "Harper was not seized or arrested when he discarded the drugs. Harper was not in any form or fashion restrained or stopped at the time he threw down the cocaine, and the cocaine, therefore, was abandoned and not the fruit of an unlawful seizure or arrest."Id.
 ¶ 17. This case only slightly differs fromHarper since the police car pulled behind Rainer after it appeared he was going to flee according to the on scene officers. Before the police arrested him or he completely submitted to the demand of the officers, Rainer, upon getting out of his vehicle, threw the bags under the vehicle. Since the search did not occur on his person or in his vehicle but instead occurred of items he discarded in a public place, there was no violation of Rainer's Fourth Amendment rights.
 ¶ 18. I agree that the State did not present enough evidence to show that *Page 121 
Rainer began unprovoked flight akin to that found inWardlow. From the evidence that the State put on, Rainer may have simply been leaving the gas pump after paying. However, Rainer discarded the items from his vehicle and thus gave away any privacy right in the property he abandoned. Rainer cannot claim that the officers searched or seized him by collecting the abandoned property and recognizing him as the source of that property.
 ¶ 19. For these reasons I respectfully dissent and would affirm the trial court.
MYERS, P.J., JOINS THIS OPINION.