MYERS, P.J.,
 

 for the Court.
 

 ¶ 1. Keith Leon Johnson was indicted for possession of cocaine pursuant to Mississippi Code Annotated section 41-29-139(c)(1)(B) (Rev.2005). A jury found Johnson guilty, and the trial court sentenced him to eight years in the custody of the Mississippi Department of Corrections (MDOC). Aggrieved by his conviction and sentence, Johnson appeals arguing that the trial court erred in refusing certain jury instructions and that the trial court erred in denying his motion to suppress evidence of the cocaine found in Johnson’s shoe. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On October 18, 2006, at approximately 2:45 a.m., Officer Clay Garvin of the Decatur Police Department passed an automobile missing one of its headlights. Officer Garvin turned around and, while pursuing this automobile, noticed what appeared to be a passenger throwing items out of the passenger-side window. Officer Garvin pulled the automobile over, and while approaching the vehicle, he noticed that the passenger was putting something on the passenger floorboard or under the passenger seat. Officer Garvin first approached the passenger side of the vehicle and asked the occupant what was being thrown out of the car. Johnson, sitting in the passenger seat, pointed to a cigarette butt lying on the ground outside the car. However, Officer Garvin testified that the cigarette butt on the ground was brown and old.
 

 ¶ 3. Officer Garvin then approached the driver’s side of the automobile and requested the driver’s license and proof of insurance. The driver, Frederick Gooden, did not have his driver’s license, but he told Officer Garvin his driver’s license number. While receiving the information from Gooden, Officer Garvin detected the smell of alcohol coming from inside the car. Officer Garvin asked Gooden to exit the vehicle, which Gooden did. Officer Garvin read Gooden his
 
 Miranda
 
 rights, placed him into handcuffs “for [the] officer[’s] safety,” and moved him out of the road. Gooden then gave his consent for Officer Garvin to search his car. Johnson remained in the passenger seat during this time.
 

 ¶ 4. After receiving consent from Gooden to search the automobile, Officer Garvin approached Johnson and repeatedly requested that he exit the automobile. Johnson refused this order several times. He finally complied with the order after Officer Garvin threatened to arrest him. Officer Garvin then patted Johnson down, and decided to place Johnson in handcuffs “for [the] officer[’s] safety.”
 
 [1]
 
 Johnson protested this and began walking back toward the front passenger side of the automobile. Officer Garvin grabbed the back of Johnson’s pants and instructed him to stop. Johnson resisted and attempted to run away. Johnson then maneuvered sideways, with Officer Garvin still holding his pants, and swung his fist at Officer Garvin, but he missed. • Officer Garvin responded by spraying mace in Johnson’s face and striking him in the leg with his baton. Officer Garvin was finally able to wrestle Johnson to the ground and call for backup.
 
 *1231
 
 Johnson then threw Officer Garvin off of him, and began running down the highway. Officer Garvin pursued Johnson on foot and ordered him to stop. Officer Garvin testified that, while chasing Johnson, Johnson began shedding his clothes. Johnson took off his jacket and dropped it in the middle of the road, removed his right shoe and threw it to his right, and removed his left shoe and threw it to his left. After a short chase down the road, Johnson gave up and complied with Officer Garvin’s order to lie down on the road. With the assistance of another officer, who had responded to Officer Garvin’s call for backup, Officer Garvin handcuffed Johnson and placed him into police custody.
 

 ¶ 5. Officer Garvin then retrieved Johnson’s clothes and shoes. Inside Johnson’s right shoe, Officer Garvin noticed a clear plastic bag that contained what he thought was crack cocaine.
 
 [2]
 
 He removed the clear plastic bag from Johnson’s shoe and placed it into an evidence bag for testing. The substance was later confirmed by the Mississippi Crime Laboratory to be 0.75 gram of cocaine.
 

 ¶ 6. Johnson was subsequently indicted for possession of cocaine. Prior to trial, Johnson filed a motion to suppress the cocaine found in his shoe claiming it stemmed from an illegal arrest. The trial court conducted a hearing on the issue and found that Officer Garvin had probable cause to arrest Johnson, and once Johnson discarded his shoes, he relinquished any privacy rights to them. The trial court then allowed evidence of the crack cocaine to be admitted. Thereafter, a jury convicted Johnson of possession of cocaine. He was sentenced to eight years in the custody of the MDOC. Johnson then filed a motion for a new trial, which was denied by the trial court. Johnson then timely filed a notice of appeal alleging five assignments of error.
 

 DISCUSSION
 

 I. WHETHER THE TRIAL COURT ERRED IN REFUSING SEVERAL OF JOHNSON’S JURY INSTRUCTIONS.
 

 ¶ 7. Johnson alleges that the trial court erred in refusing four of his requested jury instructions. For judicial economy and because jury instructions are to be considered in the aggregate, we will address these four arguments together.
 

 ¶ 8. The Mississippi supreme court has stated that:
 

 Jury instructions are to be read together and taken as a whole with no one instruction taken out of context. A defendant is entitled to have jury instructions given which present his theory of the case; however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence.
 

 Chandler v. State,
 
 946 So.2d 355, 360(¶ 21) (Miss.2006) (quoting
 
 Ladnier v. State,
 
 878 So.2d 926, 931-32(¶ 20) (Miss.2004)).
 

 ¶ 9. Johnson argues the trial court erred in not allowing proffered jury instructions D-6, D-7, D-8, and D-9.
 
 [3]
 
 Johnson pro
 
 *1232
 
 vides a cursory argument on appeal, stating that these instructions are a correct statement of the law and that they support his theory of the case.
 

 ¶ 10. The trial court considered the above instructions but found them to be repetitive of other instructions, unsupported by the evidence, covered in the ruling on the motion to suppress, or outside the duties of the jury. We agree.
 

 ¶ 11. Proffered jury instruction D-6 was repetitive and unsupported by the evidence. Instruction S-l, which was given, states that:
 

 The Court instructs the Jury that if you believe from the evidence in this ease beyond a reasonable doubt that at the time and place charged in the indictment and testified about, that the Defendant, Keith Leon Johnson, did willfully, unlawfully, and feloniously have in his possession and under his conscious control a Schedule II controlled substance, namely cocaine ... then it is your duty to find the defendant guilty.
 

 This instruction was in addition to other instructions stating that the State must prove each necessary element beyond a reasonable doubt. Additionally, jury instruction D-6 was unsupported by the evidence. Defense counsel admitted that it would be a “stretch” of the facts to give this jury instruction; for the facts to support giving this instruction, Gooden, the driver, would have had to physically place the crack cocaine in Johnson’s shoe. There was no evidence admitted to support such a finding. Therefore, the trial court did not err in refusing jury instruction D-6.
 

 ¶ 12. Similarly, the trial court did not err in denying proffered jury instructions D-7, D-8, and D-9. Instructions D-7 and D-8 required the jury to make a ruling on a legal issue. It is the court’s role to rule on legal issues, not the jury’s.
 
 See e.g., Brown v. State,
 
 986 So.2d 270, 282(¶ 52) (Miss.2008). Moreover, all three of these instructions were attempts to provide Johnson a “second bite at the apple” on issues resolved by the trial court’s ruling on the motion to suppress. The trial court made a ruling regarding the validity of the arrest and the admissibility of the evidence. It is not the jury’s purview to determine whether the trial court made the correct ruling on issues of law. Accordingly, the trial court did not err in refusing D-7, D-8, and D-9 as they were addressed in the motion to suppress, were matters not for the jury to decide, and were unsupported by the evidence. This issue is without merit.
 

 II. WHETHER THE TRIAL COURT ERRED IN DENYING JOHNSON’S MOTION TO SUPPRESS.
 

 ¶ 13. Johnson argues that the trial court erred in not granting his motion to suppress evidence of the drugs found in his shoe. He claims that there was no probable cause to arrest him; thus, his
 
 *1233
 
 arrest is illegal, and any fruit of his illegal arrest is inadmissible.
 

 ¶ 14. In
 
 Jackson v. State,
 
 335 So.2d 116, 118-19 (Miss.1976), our supreme court defined what constitutes an arrest:
 

 An arrest is not consummated until there has been a taking or possession of a person by manual caption, or submission on demand; and although a manual touching is unnecessary unless there is resistance to an arrest, there must be restraint of a person to establish an arrest.
 

 (Quoting
 
 Fondren v. State,
 
 253 Miss. 241, 259, 175 So.2d 628, 636 (1965)).
 

 ¶ 15. In
 
 California v. Hodari D.,
 
 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), the United States Supreme Court determined whether a suspect fleeing, after the police had made a showing of authority, constituted an arrest under the Fourth Amendment to the United States Constitution. In
 
 Hodari D.,
 
 a group of young individuals, who were gathered together on a street corner, fled when they noticed the approach of an unmarked police car.
 
 Id.
 
 at 622-23, 111 S.Ct. 1547. A chase ensued, and when an officer wearing street clothes with a jacket that had “Police” on both the front and back progressed closer to the defendant, the defendant discarded a small rock of cocaine.
 
 Id.
 
 at 623, 111 S.Ct. 1547. At trial, Hodari moved to suppress as evidence the cocaine found as being the fruit of an illegal search.
 
 Id.
 
 The California Court of Appeals held that Hodari had been “seized” at the time the police officer approached him; therefore, the cocaine must be suppressed as the product of an illegal seizure. Id.
 

 [4]
 

 The United States Supreme Court reversed the California Court of Appeals stating that “an arrest requires
 
 either
 
 physical force ...
 
 or,
 
 where that is absent,
 
 submission
 
 to the assertion of authority.”
 
 Id.
 
 at 626, 111 S.Ct. 1547. Since Hodari did not comply with the order to halt, there was no submission to the show of authority; therefore, no arrest occurred within the confines of the Fourth Amendment.
 
 Id.
 
 at 629, 111 S.Ct. 1547. The Supreme Court held that a seizure “does not remotely apply ... to the prospect of a policeman yelling[,] ‘Stop, in the name of the law!’[,] at a fleeing form that continues to flee.”
 
 Id.
 
 at 626, 111 S.Ct. 1547. Therefore, the cocaine was abandoned when Ho-dari fled and it was not found to be the fruit of an illegal search.
 
 Id.
 
 at 629, 111 S.Ct. 1547.
 

 ¶ 16. The Mississippi Supreme Court applied this holding and rational in
 
 Harper v. State,
 
 635 So.2d 864 (Miss.1994). There, Harper and a friend briskly walked away from three police officers after they had been ordered to stop.
 
 Id.
 
 at 865. As Harper was running from the police, he discarded a matchbox that contained crack cocaine.
 
 Id.
 
 At trial, Harper moved that the cocaine be excluded as being the fruit of an illegal search and seizure.
 
 Id.
 
 Relying on
 
 Hodari D.,
 
 the trial court overruled Harper’s motion and allowed the cocaine to be introduced at trial.
 
 Id.
 
 On appeal, the supreme court affirmed the trial court’s ruling, finding that:
 

 Harper was not seized or arrested when he discarded the drugs. Harper was not in any form or fashion restrained or stopped at the time he threw down the cocaine, and the cocaine, therefore, was abandoned and not the fruit of an unlawful seizure or arrest ...[.] There was no error in the lower court’s finding that no stop or arrest had occurred at the time
 
 *1234
 
 the matchbox hit the ground, and there existed no need to find probable cause.
 

 Id.
 
 at 867.
 

 ¶ 17. The
 
 Hodari D.
 
 and
 
 Harper
 
 holdings were applied by this Court in
 
 Bessent v. State,
 
 808 So.2d 979 (Miss.Ct.App.2001). There, Bessent was pulled over for speeding by a Rankin County Sheriffs Deputy, and was asked to exit his vehicle.
 
 Id.
 
 at 982(¶ 2). While the officer began conducting a pat down, Bessent ran from the officer.
 
 Id.
 
 at (¶ 3). The officer testified that he saw Bessent remove an object from his pants and throw it.
 
 Id.
 
 After detaining Bessent, the object was recovered, and inside the object was cocaine.
 
 Id.
 
 On appeal, this Court found that by voluntarily abandoning the object, Bessent removed any protection of the law against unreasonable searches.
 
 Id.
 
 at 985-86(¶ 20).
 

 ¶ 18. This Court recently applied this rational in
 
 Williams v. State,
 
 892 So.2d 272 (Miss.Ct.App.2004). In
 
 Williams,
 
 the defendant ran from the scene of an automobile accident.
 
 Id.
 
 at 274(¶ 3). When the police caught up with Williams, one of the officers noticed “that Williams was ‘making a lot of eye movement’ toward[ ] a particular area four or five feet away.”
 
 Id.
 
 at 274-75(¶ 4). The police searched that area and recovered 89.42 grams of crack cocaine in an aluminum foil ball.
 
 Id.
 
 at 275(¶ 5). On appeal, Williams argued that the police’s opening the aluminum foil ball was unconstitutional.
 
 Id.
 
 at 277(¶ 14). Relying on the three above cases, this Court held that “[b]y discarding the aluminum foil package before the police took him into custody[,] Williams abandoned it and deprived himself of any right to privacy.”
 
 Id.
 
 at 278(¶ 15). Therefore, the crack cocaine was not the fruit of an illegal search.
 
 Id.
 

 ¶ 19. Turning to the case at hand, we cannot say the trial court erred in denying Johnson’s motion to suppress the crack cocaine found in his shoe. Applying the definition of an arrest found in
 
 Jackson
 
 and
 
 Hodari D.,
 
 we find that Johnson was not considered arrested under the Fourth Amendment until he was placed into custody after running from Officer Garvin. Johnson was not restrained until after he stopped running from Officer Gar-vin. Johnson was able to get out of Goo-den’s car, attempt to walk back to Goo-den’s car, take a swing at Officer Garvin, wrestle with Officer Garvin, throw Officer Garvin off of him, and run from Officer Garvin. We cannot see how Johnson was restrained in any way during these episodes. Moreover, Johnson failed to submit to Officer Garvin’s demands. Johnson continuously ignored Officer Garvin’s orders for Johnson to get out of Gooden’s car, to stop attempting to run while Officer Garvin held the back of his pants, to stop resisting arrest while he and Officer Gar-vin were wrestling, and to stop running away from Officer Garvin while he was chasing Johnson down the highway. Following the holding in
 
 Hodari D.,
 
 “since [Johnson] did not comply with the order to halt, there was no submission to the show of authority, and therefore, no arrest occurred within the confines of the Fourth Amendment” until Johnson stopped running from Officer Garvin and allowed Officer Garvin to place handcuffs on him and take him into custody.
 

 ¶ 20. We now turn to the admissibility of the crack cocaine found in Johnson’s shoe. As outlined in the above cases, once a defendant abandons or discards property while fleeing the police, that person relinquishes any privacy rights with regard to that property. While fleeing from Officer Garvin, Johnson discarded his jacket and both shoes. By doing so, he lost any privacy rights and Fourth Amendment’s protection for his jacket and shoes.
 
 *1235
 
 Any search and seizure of these items cannot be deemed to be unreasonable under the Fourth Amendment. Moreover, by throwing these objects on the roadway, Johnson placed his items on public property, which also diminishes his Fourth Amendment protections against unreasonable searches and seizures.
 
 See Katz v. United States,
 
 389 U.S. 347, 351, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Therefore, we find that Johnson relinquished his Fourth Amendment protections once he abandoned his jacket and shoes, and the trial court did not err in admitting evidence of the crack cocaine found in Johnson’s shoe. Accordingly, this issue is without merit.
 

 ¶ 21. THE JUDGMENT OF THE NEWTON COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE OF EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NEWTON COUNTY.
 

 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON and MAXWELL, JJ., concur.
 

 [1]
 

 . Officer Garvin testified that Johnson had a reputation of fighting or running from police officers.
 

 [2]
 

 . Officer Garvin also recovered a nine-millimeter handgun from under the passenger seat of Gooden’s vehicle.
 

 [3]
 

 . D-6 states:
 

 The Court instructs the jury that if you find from the evidence that someone other than the defendant, exercised conscious control over the substances, or if you believe that the State failed to prove, beyond a reasonable doubt, that Keith Leon Johnson exercised conscious control over the substances, then you must vote "not guilty.” D-7 states:
 

 
 *1232
 
 The Court instructs the Jury that a person is under arrest if in view of all the circumstances surrounding the incident, a reasonable person would have believed he was not free to leave.
 

 The Court further instructs the Jury that the validity of an arrest is determined by whether the facts available to the officer, at the time of arrest, warrant a man of reasonable intelligence and caution to believe an offense had been committed.
 

 D-8 states:
 

 The Court instructs the jury that if you determine the officer tried to arrest the defendant, but that arrest was not valid, then any evidence seized after the arrest from the defendant was not validly seized.
 

 D-9 states:
 

 The Court instructs the Jury, that if the arrest was not valid, a person has a right to resist an unlawful arrest.
 

 [4]
 

 . The California Supreme Court denied that State’s application for review, and the State sought review by the United States Supreme Court.
 
 Hodari D.,
 
 499 U.S. at 623, 111 S.Ct. 1547.